IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOGISTICS PLUS, INC., | ) Docket No. 1:23-CV-350 |
| | ) (Judge _____) |
| Plaintiff | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| OPTICAL TECHNOLOGIES, INC., *a Georgia corporation*, OPTICAL TECHNOLOGIES, INC., *a Wisconsin corporation*, RICCINO OPTICAL, INC., *a Florida corporation*, SHANI BURTON JOHNSON, *an individual*, and RAFAEL PEREZ, *an individual*. | ) Filed on behalf of: Plaintiff, |
| | ) Logistics Plus, Inc. |
| | ) |
| | ) |
| | ) Counsel of record for this party: |
| | ) |
| | ) Aurora L. Hardin, Esq. |
| | ) PA ID No. 325666 |
| Defendant | ) Knox McLaughlin Gornall & Sennett, P.C. |
| | ) 120 West Tenth Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email ahardin@kmgslaw.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOGISTICS PLUS, INC., | ) Docket No. _____ |
| | ) (Judge _____) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| OPTICAL TECHNOLOGIES, INC., *a Georgia corporation*, OPTICAL TECHNOLOGIES, INC., *a Wisconsin corporation*, RICCINO OPTICAL, INC., *a Florida corporation*, SHANI BURTON JOHNSON, *an individual*, and RAFAEL PEREZ, *an individual*. | ) ) ) ) ) ) ) |
| Defendant | |

## COMPLAINT

Plaintiff, Logistics Plus, Inc., (hereinafter "Logistics" or "LP") through its counsel, Knox McLaughlin Gornall & Sennett, P.C., files the following Complaint against Defendants Optical Technologies, Inc, a Georgia corporation, Optical Technologies, Inc., a Wisconsin corporation, Riccino Optical, Inc., a Florida corporation, Shani Burton Johnson, and Rafael Perez, stating as follows:

## THE PARTIES

1  Logistics Plus is a corporation organized and existing under the laws of Pennsylvania.

2  Optical Technologies, Inc. ("OTGA") is a corporation organized and existing under the laws of Georgia and is a citizen of Georgia.

3  Optical Technologies, Inc. ("OTWI") is a corporation organized and existing under the laws of Wisconsin and is a citizen of Georgia.

      4      Riccino Optical, Inc. ("Riccino") is a corporation organized and existing under the laws of Florida and is a citizen of Florida.

      5      Upon information and belief, Shani Burton-Johnson ("Burton-Johnson") is an adult individual who is a resident and citizen of the state of Wisconsin.

      6      Upon information and belief, Rafael Perez ("Perez") is an adult individual who is a resident and citizen of the state of New York.

## VENUE AND JURISDICTION

      7      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

      8      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred, and the Defendants are subject to personal jurisdiction, in this district.

## GENERAL ALLEGATIONS

**The Agreement**

      9      LP provides warehousing and brokerage services to customers around the globe.

      10      On information and belief Burton Johnson and Perez are owners of OTGA, Riccino, and OTWI.

      11      Beginning in at least 2019, Burton Johnson and Perez, who would both qualify as minority business owners under relevant federal regulations, recruited other minority

and/or veteran status individuals to form OTGA, OTWI, Riccino, and/or other as-yet unknown entities.[1]

12    On information and belief, Burton Johnson engaged in this enterprise to win United States government contracts to facilitate the provision of personal protective equipment (the "Goods") during the COVID-19 pandemic.

13    On information and belief, Burton Johnson and Perez's creation, operation, and management of OTGA, Riccino, and OTWI, together with as-yet unknown other shell entities, was part of calculated effort to defraud vendors, including LP, and the US government through an elaborate scaffolding of entities around a nonexistent capital pool in order to avoid direct liability and recoverability.

14    In June 2020, Burton Johnson contacted LP to solicit warehousing services on behalf of OTGA.

15    On June 19, 2020, OTGA executed a Customer Setup Form with LP.

16    On August 5, 2020, Burton Johnson, on behalf of Riccino, executed a Customer Setup form with LP.

17    Together, the executed Customer Setup Forms form the Contract between LP and OTGA, OTWI and/or Riccino.

18    Between August 2020 and October 2023, LP provided warehousing services to OTGA pursuant to the Contract.

19    LP billed OTGA regularly for warehousing services.

---

[1] On information and belief, Burton-Johnson and Perez have since bought-out or otherwise excluded these third-parties from the operations of OTGA, OTWI, Riccino, and related entities.

20	In or around August 2021, Defendant Burton Johnson told LP during a telephone call that OTGA would pay the outstanding balance and make regular payments for service charges moving forward.

21	As of December 2021, OTGA had incurred $113,563.00 in charges for the warehousing services.

**Defendants' Breach**

22	In January 2022, counsel for LP contacted counsel for OTGA regarding OTGA's outstanding balance.

23	By correspondence dated February 16, 2022, LP notified counsel for OTGA of its intent to enforce its warehouseman's lien rights.

24	LP took possession of the goods subject to its warehouseman's lien rights (the "Goods") with the intent to proceed to a lien sale.

25	However, OTGA, Riccino, and/or OTWI, through Defendant Perez, indicated their intent to pay the outstanding charges and intent to retake possession of the Goods following payment for the warehousing services.

26	Throughout 2021 and 2022, Defendant Perez continued to make commitments to pay the outstanding charges.

27	Defendant Perez indicated OTGA had government contracts that would require storage and shipment of goods pursuant thereto.

28	Defendant Perez claimed that OTGA had received some payment on their government contracts pertaining to the Goods but the funds remained pending in OTGA's bank account.

29. Defendant Perez claimed that the U.S. government had defaulted on its contract with OTGA and Defendants anticipated a windfall payment once their dispute with the U.S. government was resolved.

30. Defendant Perez further committed to pay not only the past due amounts, but an additional two months of storage costs and a 35% premium charge if LP would continue to hold the Goods.

31. Therefore, LP continued to store the Goods for Defendants' benefit.

32. These additional charges that Defendants committed to pay were included in the Statement of Account sent to Defendants on or about October 11, 2022.

33. As of October 11, 2022, OTGA owed LP $927,741.25 for warehousing services (the "Amount Due").

34. To date, Defendants have failed and/or refused to pay the Amount Due.

35. In October 2022, LP learned for the first time that OTGA had dissolved as of October 2021.

36. As part of that dissolution process, OTGA falsely certifyied that it had no outstanding debts.

37. Upon learning of this, LP first discovered the corporate structure the Defendants had created.

38. Riccino was incorporated in the state of Florida in or around June 2019.

39. OTGA was incorporated in the state of Georgia in or around December 2019.

40. OTGA was dissolved in or around October 2021.

41  OTWI was incorporated in the state of Wisconsin in or around August 2021.

42  On information and belief, OTWI and/or Riccino is the successor entity of OTGA.

43  On information and belief, Riccino was the importer of record for all inbound containers.

44  On information and belief, OTGA was the Finance division of the overall enterprise and paid the invoices.

45  Upon information and belief, upon dissolution, OTGA transferred all remaining assets to Riccino, OTWI, Burton-Johnson, and/or Perez and did not receive fair value for such transfer.

46  OTGA owed money to LP when OTGA dissolved and made these transfers to Riccino, OTWI, Burton-Johnson, and/or Perez.

47  OTWI and/or Riccino are successors in interest to OTGA.

48  OTWI and/or Riccino are liable for the debts and obligations of OTGA.

## COUNT ONE – BREACH OF CONTRACT (against OTGA and OTWI AND/OR RICCINO, as successor in interest to OTGA)

49  LP repeats and restates each and every allegation in paragraphs 1 through 48, as though set forth fully herein.

50  The Contract is valid and enforceable.

51  LP performed its obligations pursuant to the Contract.

52  OTGA has failed to pay LP amounts owed under the Contract.

53  By failing to pay amounts due to LP, OTGA is in breach of the Contract.

54 OTWI and/or Riccino, and/or Burton Johnson and Perez on behalf of OTGA, OTWI, and Riccino, caused OTGA to dissolve and transfer its assets to OTWI and/or Riccino for less than fair market value.

55 On information and belief, these transfers left OTGA insolvent to satisfy its debts.

56 At the time of this transfer, OTGA owed LP $927,741.25.

57 As successors in interest to OTGA, OTWI and/or Riccino are liable for the debts and obligations of OTGA.

58 As a direct and proximate result of OTGA's breaches of the parties' contract, LP suffered damages and will continue to suffer additional damages through resolution of this litigation.

WHEREFORE, Plaintiff Logistics Plus, Inc., respectfully requests this Court enter judgment on this Count in its favor and against Defendants Optical Technologies, Inc. (GA), Riccino Optical, Inc., and Optical Technologies, Inc. (WI) and awarding damages in the amount of $927,741.25, continuing damages, pre- and post- judgment interest and penalties in an amount to be determined by the evidence, reasonable attorney's fees, costs of suit, and such other relief as this Court deems just and proper.

**COUNT TWO – QUANTUM MERUIT (against OTGA and OTWI AND/OR RICCINO, as successor in interest to OTGA)**

**(This Count is Pleaded in the Alternative to Count One)**

59 LP repeats and restates each and every allegation in paragraphs 1 through 58, as though set forth fully herein.

60 As a result of the warehousing and other services it provided to OTGA, LP incurred substantial costs to store the Goods.

61    LP's warehousing and other services conferred a benefit onto OTGA.

62    OTGA appreciated the benefit LP conferred on it.

63    OTGA told LP that it needed LP to continue warehousing the Goods so that OTGA could carry out its obligations under the government contracts.

64    OTGA told LP that it needed LP to continue warehousing the Goods so that OTGA could provide vital PPE to government workers during the COVID-19 pandemic.

65    OTGA accepted LP's performance of warehousing services and retained the benefit of those services.

66    It is inequitable to allow OTGA to retain the benefits without paying LP for the value of the warehousing services.

67    As successors in interest to OTGA, OTWI and/or Riccino are liable for the debts and obligations of OTGA.

68    Further, as OTGA's successors in interest, OTWI and/or Riccino also received the benefit of LP's services without paying for those services.

69    Further, as OTGA's successors in interest, OTWI and/or Riccino also received the assets of OTGA upon OTGA's dissolution, assets which should have been used to pay OTGA's outstanding debt to LP.

WHEREFORE, Plaintiff Logistics Plus, Inc., respectfully requests this Court enter judgment on this Count in its favor and against Defendants Optical Technologies, Inc. (GA), Riccino Optical, Inc., and Optical Technologies, Inc. (WI) and awarding damages in the amount of $927,741.25, reasonable attorney's fees, costs of suit, and such other relief as this Court deems just and proper.

**COUNT THREE – BREACH OF CONTRACT (against Burton-Johnson and Perez under the Alter Ego Theory of Piercing the Corporate Veil)**

70	LP repeats and restates each and every allegation in paragraphs 1 through 69, as though set forth fully herein.

71	Burton-Johnson and Perez are the owners, officers, and principals of OTGA, Riccino, and OTWI.

72	Burton-Johnson and Perez improperly used OTGA as their alter-ego in the following ways:

(a) Burton-Johnson and Perez failed to adequately capitalize OTGA, Riccino, and OTWI;

(b) Burton-Johnson and Perez allowed OTGA, Riccino, and/or OTWI to operate in a state of insolvency, including at times when OTGA, Riccino, and/or OTWI owed money to LP for storage of the Goods;

(c) Burton-Johnson and Perez failed to observe corporate formalities in conducting OTGA, Riccino, and OTWI's business as one entity;

(d) Burton-Johnson and Perez diverted funds to themselves and other entities they control in their capacity of owners of OTGA, Riccino, and OTWI and in their operation of OTGA, Riccino, and/or OTWI;

(e) OTGA, Riccino, and/or OTWI operated as a façade for Burton-Johnson and Perez in their individual capacities as dominant and controlling members and owners of OTGA, Riccino, and OTWI.

73	Through these actions, Burton Johnson and Perez operated OTGA, Riccino, and/or OTWI in a manner that perpetrated a fraud or similar injustice on LP.

74	The fraud and injustice perpetrated by Burton Johnson and Perez, collectively, justifies piercing the corporate veils of OTGA and Riccino and/or OTWI, as successors in interest to OTGA, to allow LP to assert its Breach of Contract claim asserted in the

First Count of this Complaint against Burton Johnson and Perez, in their individual capacities, as the owners and controlling members of OTGA, Riccino, and OTWI.

75  LP therefore reasserts the allegations contained in the First Count of this Complaint as against OTGA and Riccino and/or OTWI, as successors in interest to OTGA, in their entirety, against Burton Johnson and Perez, in their individual capacities, as if fully set forth herein.

WHEREFORE, Plaintiff Logistics Plus, Inc., respectfully requests this Court enter judgment on this Count in its favor and against Defendants Optical Technologies, Inc. (GA), Riccino Optical, Inc., Optical Technologies, Inc. (WI), Shani Burton Johnson, and Rafael Perez and awarding damages in the amount of $927,741.25, continuing damages, pre- and post-judgment interest and penalties in an amount to be determined by the evidence, reasonable attorney's fees, costs of suit, and such other relief as this Court deems just and proper.

### COUNT FOUR – QUANTUM MERUIT (against Burton-Johnson and Perez under the Alter Ego Theory of Piercing the Corporate Veil)

### (This Count is Pleaded in the Alternative to Count Three)

76  LP repeats and restates each and every allegation in paragraphs 1 through 75, as though set forth fully herein.

77  Burton-Johnson and Perez are the owners, officers, and principals of OTGA, Riccino, and OTWI.

78  Burton-Johnson and Perez improperly used OTGA as their alter-ego in the following ways:

    (a) Burton-Johnson and Perez failed to adequately capitalize OTGA, Riccino, and OTWI;

    (b) Burton-Johnson and Perez allowed OTGA, Riccino, and/or OTWI to operate in a state of insolvency, including at times when OTGA,

                Riccino, and/or OTWI owed money to LP for storage of the Goods;

(c)    Burton-Johnson and Perez failed to observe corporate formalities in conducting OTGA, Riccino, and OTWI's business as one entity;

(d)    Burton-Johnson and Perez diverted funds to themselves and other entities they control in their capacity of owners of OTGA Riccino, and/or OTWI and in their operation of OTGA, Riccino, and/or OTWI;

(e)    OTGA, Riccino and/or OTWI operated as a façade for Burton-Johnson and Perez in their individual capacities as dominant and controlling members and owners of OTGA, Riccino, and OTWI.

79       Through these actions, Burton Johnson and Perez operated OTGA, Riccino, and/or OTWI in a manner that perpetrated a fraud or similar injustice on LP.

80       The fraud and injustice perpetrated by Burton Johnson and Perez, collectively, justifies piercing the corporate veils of OTGA and Riccino and OTWI, as successors in interest to OTGA, to allow LP to assert its Breach of Contract claim asserted in the Second Count of this Complaint against Burton Johnson and Perez, in their individual capacities, as the owners and controlling members of OTGA, Riccino, and OTWI.

81       LP therefore reasserts the allegations contained in the Second Count of this Complaint as against OTGA and Riccino and OTWI, as successors in interest to OTGA, in their entirety, against Burton Johnson and Perez, in their individual capacities, as if fully set forth herein

WHEREFORE, Plaintiff Logistics Plus, Inc., respectfully requests this Court enter judgment on this Count in its favor and against Defendants Optical Technologies, Inc. (GA), Riccino Optical, Inc., Optical Technologies, Inc. (WI), Shani Burton Johnson, and Rafael Perez and awarding damages in the amount of $927,741.25, reasonable attorney's fees, costs of suit, and such other relief as this Court deems just and proper.

## COUNT FIVE – FRAUDULENT MISREPRESENTATION

82  LP repeats and restates each and every allegation in paragraphs 1 through 81, as though set forth fully herein.

83  As agents of OTGA, Burton-Johnson and Rafael Perez made the following representations to LP:

(a)  between June 2020 and December 2020, that OTGA had secured lucrative government contracts to provide PPE to government workers during the COVID-19 pandemic;

(b)  between June 2020 and December 2020, that the government contracts OTGA had secured were going to be highly profitable for OTGA and it would be able to satisfy all its obligations to LP;

(c)  between June 2020 and December 2020, that LP could be assured of payment because OTGA's contracts were with the government rather than a private third-party;

(d)  on several occasions between 2021 and 2022, that OTGA had already received payment to its financial institution from the government pursuant to the alleged contracts and was simply waiting for the funds to be released; and

(e)  on several occasions between 2021 and 2022 when in default on obligations to LP, that OTGA was pursuing legal action against the U.S. government for its breach of the contract with OTGA and LP would be paid upon resolution of OTGA's payment dispute with the U.S. government.

84  These representations were material to the formation of the Contract and LP's ongoing extension of credit to OTGA for storage fees.

85  On information and belief, OTGA, Riccino, OTWI, and their owners, Burton-Johnson and Perez, made these false representations with knowledge of their falsity and/or recklessness as to whether they were true or false.

86  LP justifiably relied on the misrepresentations in entering into the Contract and continuing to extend significant credit to OTGA.

87 LP's reliance on the misrepresentations was a substantial and proximate cause of the damages suffered by LP.

88 As successors in interest to OTGA, OTWI and/or Riccino are liable for the debts and obligations of OTGA.

WHEREFORE, Plaintiff Logistics Plus, Inc., respectfully requests this Court enter judgment on this Count in its favor and against Defendants Optical Technologies, Inc. (GA), Riccino Optical, Inc., Optical Technologies, Inc. (WI), Shani Burton Johnson, and Rafael Perez and awarding damages in the amount of $927,741.25, interest and penalties in an amount to be determined by the evidence, reasonable attorney's fees, costs of suit, and such other relief as this Court deems just and proper.

## COUNT SIX – VIOLATION OF THE PENNSYLVANIA UNIFORM FRAUDULENT TRANSFER ACT

89 LP repeats and restates each and every allegation in paragraphs 1 through 88, as though set forth fully herein.

90 The Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA") makes it unlawful for any debtor to transfer assets with the intent to hinder, delay, or defraud creditors, or for a debtor to make a transfer without receiving reasonably equivalent value in exchange for the transfer or obligation. 12 Pa. C.S.A. § 5104(a).

91 The PUFTA permits creditors to seek voidance of a debtor's fraudulent transfer of assets or obligations whether the claim arose before or after the transfer was made or the obligation was incurred. 12 Pa. C.S.A. § 5104(a).

92 LP is a "creditor" as defined by the PUFTA. 12 Pa. C.S.A. § 5101(b).

93 OTGA, OTWI, Burton-Johnson, and/or Perez are each a "debtor" as defined by the PUFTA. 12 Pa. C.S.A. § 5101(b).

94	Transferring assets to another person or entity after a debt is incurred violates the PUFTA as an inference of an intent to defraud. 12 Pa. C.S.A. § 5104(b)(10).

95	OTGA had dissolved as of October 2021, after those entities and individuals who controlled OTGA improperly certified that OTGA had no outstanding debts.

96	OTGA owed money to LP when it dissolved.

97	Upon information and belief, upon dissolution, OTGA transferred all of its remaining assets to OTWI, Riccino, Burton-Johnson, and/or Perez and did not receive back reasonably equivalent value.

98	Upon information and belief, the individuals and entities that controlled OTGA and caused its dissolution were aware of the debt owed to LP, but nonetheless willingly dissolved OTGA and transferred all remaining assets to Riccino, OTWI, Burton-Johnson, and/or Perez

99	Upon information and belief, the individuals and entities that controlled OTGA dissolved OTGA in order to evade the debt owed to LP.

100	By dissolving OTGA and transferring assets to Riccino and/or OTWI, the Defendants violated the PUFTA. 12 Pa. C.S.A. § 5104(b)(9).

101	Defendants' conduct is willful, intentional, malicious, and in bad faith, and has caused and will continue to harm to LP, as well as causing LP to suffer other compensatory damages.

WHEREFORE, Plaintiff Logistics Plus, Inc., respectfully requests this Court enter judgment in its favor and against Defendants Optical Technologies, Inc. (GA), Riccino Optical, Inc., Optical Technologies, Inc. (WI), Shani Burton Johnson, and Rafael Perez, and issue an Order providing for all relief available under 12 Pa. C.S.A. § 5107, et seq., including but not

limited to appropriate injunctive relief against all Defendants, an award of compensatory damages in the amount of $927,741.25, punitive and other damages, including lost profits, together with an award of attorneys' fees, costs, and interest, and any other relief this Court deems just.

## COUNT SEVEN – FRAUD IN THE INDUCEMENT

102  LP repeats and restates each and every allegation in paragraphs 1 through 101, as though set forth fully herein.

103  As agents of OTGA, Burton-Johnson and Rafael Perez made the following representations to LP:

- (a) between June 2020 and December 2020, that OTGA had secured lucrative government contracts to provide PPE to government workers during the COVID-19 pandemic;

- (b) between June 2020 and December 2020, that the government contracts OTGA had secured were going to be highly profitable for OTGA and it would be able to satisfy all its obligations to LP;

- (c) between June 2020 and December 2020, that LP could be assured of payment because OTGA's contracts were with the government rather than a private third-party;

- (d) on several occasions between 2021 and 2022, that OTGA had already received payment to its financial institution from the government pursuant to the alleged contracts and was simply waiting for the funds to be released; and

- (e) on several occasions between 2021 and 2022 when in default on obligations to LP, that OTGA was pursuing legal action against the U.S. government for its breach of the contract with OTGA and LP would be paid upon resolution of OTGA's payment dispute with the U.S. government..

104  These representations were material to the formation of the Contract and LP's ongoing extension of credit to OTGA for storage fees.

105     On information and belief, OTGA, Riccino, OTWI, and their owners, Burton-Johnson and Perez, made these false representations with knowledge of their falsity and/or recklessness as to whether they were true or false.

106     On information and belief, OTGA, Riccino, OTWI, and their owners, Burton-Johnson and Perez, made these false representations to LP with the intent of inducing LP to rely on them.

107     LP justifiably relied on the misrepresentations in entering into the Contract and continuing to extend significant credit to OTGA.

108     LP's reliance on the misrepresentations has caused injury to LP.

109     As successors in interest to OTGA, OTWI and/or Riccino are liable for the debts and obligations of OTGA.

WHEREFORE, Plaintiff Logistics Plus, Inc., respectfully requests this Court enter judgment on this Count in its favor and against Defendants Optical Technologies, Inc. (GA), Riccino Optical, Inc., Optical Technologies, Inc. (WI), Shani Burton Johnson, and Rafael Perez and awarding damages in the amount of $927,741.25, interest and penalties in an amount to be determined by the evidence, reasonable attorney's fees, costs of suit, and such other relief as this Court deems just and proper.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: */s/Aurora L. Hardin*
Aurora L. Hardin, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

Attorneys for Plaintiff, Logistics Plus, Inc.

# 2472976.v2